State v. Stanley.

STATE v. H. M. STANLEY et als.

1. STATE TAX ON LITIGATION. *Must be paid first out of costs collected by the Clerk.* The claim of the State for taxes has precedence over a mere private debt, and if a clerk collects from the unsuccessful party a sum insufficient to pay all costs in a cause, but a sufficiency to pay the State tax, he should pay the State tax first, and officers and witnesses are not entitled to a *pro rata.*

2. SAME. *Officers and witnesses not required to refund. When.* If, however, the unsuccessful party should himself pay any officer or witness his own costs voluntarily, and as a payment of such specific costs, such officer or witness could not be required to refund such payment, that it might be applied to the payment of the State tax.

FROM GILES.

Appeal in error from the Circuit Court of Giles county. W. S. McLEMORE, J.

Z. W. EWING and JOHN FRIZZELL for the State.

JONES & STEELE for Stanley.

DEADERICK, C. J., delivered the opinion of the court.

This is a motion made by the State against Stanley and his sureties as Clerk of the Circuit Court of Giles county. Its object is to obtain judgment for the State tax collected by him in cases determined in the circuit court, and the questions submitted are:

1. Is the clerk liable for such tax when he has collected an amount insufficient to pay said tax and all the costs of the cause?

2. And where the amount collected is sufficient to

pay part only of the costs adjudged, should he pay first the State tax or the officers and witnesses, or should the payments to all be made *pro rata?*

3. If costs are specifically paid to officers or witnesses entitled to them, by parties, can they be compelled to refund such costs, that they may be paid in satisfaction of the State tax?

A plausible argument against the constitutionality of the tax upon litigation has been submitted, but this question has been fully considered and passed upon by this court, affirming the right, and is not now an open question in this State. By sec. 551 of the Code it is enacted, "The unsuccessful party in every litigation in the courts of record, and the party taxed with the costs in prosecutions by presentment or indictment shall pay to the State a specific tax on litigation." This tax is made out by the clerk in whose court judgment is rendered, with the bill of costs, and with the costs is collected by execution off of the unsuccessful party. And when thus collected off of the unsuccessful party to the litigation, the amount of the tax imposed by the State should be paid over as part of the State's revenue. But it was held in the case of the *State* v. *Nance* that the State was not entitled to this tax against the successful party, as by the express terms of the act the tax was imposed upon the unsuccessful party to the litigation. 1 Lea, 644. It is a tax, however, and not costs of the cause, although collected as or with the costs, as decided in that case. Being a tax legally imposed, when an amount sufficient for its payment is collected, the officer collecting

State *v.* Stanley.

it is responsible for it, and it being essential to the existence of the government that the taxes due the State should be certainly and promptly realized, they constitute a lien upon the property assessed, and summary proceedings are allowed for their collection.

The claim of the state for taxes has precedence over a mere private debt of the citizen, and we are of opinion that if the officer collects and pays over to the clerk, from the unsuccessful party, a sum insufficient to pay all costs, that the State tax should be first paid, and not postponed until the officers and witnesses have been paid. If, however, the unsuccessful party should himself pay any officer or witness his own costs voluntarily, and as a payment of such specific costs, such officer or witness could not be required to refund such payment that it might be applied to the payment of the State tax.

The result is that the judgment of the circuit court is reversed, and judgment will be entered here against the clerk and his sureties in favor of the State for the amount of tax received by said clerk from unsuccessful parties, not paid by the party to witnesses or officers specifically upon their claims.